UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**UNITED STATES OF AMERICA**      **PLAINTIFF**

vs.      CIVIL NO. 3:23CV177-SA-JMV

**NAVY FEDERAL CREDIT UNION
CASHIERS CHECK, SERIAL NO. 0454138747
IN THE AMOUNT OF $700,147.74 and
NAVY FEDERAL CREDIT UNION
CASHIER'S CHECK, SERIAL NO. 5507858867
IN THE AMOUNT OF $20,000.00**      **DEFENDANTS**

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

Comes now the United States of America, Plaintiff in the above styled cause, by and through its undersigned United States Attorney for the Northern District of Mississippi, and brings this Verified Complaint for Forfeiture in Rem and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**Nature of the Action and Defendants in Rem**

1. This is an action to forfeit and condemn property to the United States pursuant to 18 U.S.C. §981 for violations of 18 U.S.C. § 1343 (wire fraud) and/or 18 U.S.C. § 1957 (money laundering).

2. The defendant property is currently in the possession of the United States and is specifically identified as follows:

> **Navy Federal Credit Union Cashier's Check, Serial No. 0454138747 in the amount of $700,147.74
> (22-FBI-003382)**

> **Navy Federal Credit Union Cashier's Check, Serial No. 5507858867 in the amount of $20,000.00
> (22-FBI-003937)**

1

**Jurisdiction and Venue**

3. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. §981.

4. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. 1355(b)(1)(A).

5. Venue is proper in this district because the defendant property is located within this district and/or because the acts or omissions giving rise to the forfeiture occurred in this district.

**Basis for Forfeiture**

6. The defendant property is subject to forfeiture pursuant to pursuant to 18 U.S.C. §981 because it constitutes property that represents or is traceable to the gross receipts obtained, directly or indirectly, from violations of 18 U.S.C. § 1343 (wire fraud). Additionally, the property constitutes property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957 (money laundering).

**Facts**

7. On April 25, 2022, federal law enforcement officers and others interviewed Norman Beckwood, one of the owners/managers of Holistic ENH Transport, LLC ("Holistic"), at the United States Attorney's Office in Oxford, Mississippi. During the interview, Beckwood admitted that he and his business partner, Lakeith Faulkner, were engaged in a large-scale conspiracy to obtain Paycheck Protection Program ("PPP") loans and Economic Injury Disaster Loans ("EIDL") for themselves and for other persons/entities that were not legally entitled to receive the loans.

8. Beckwood and Faulkner illegally received funds on their own and were also paid a commission from loans that they obtained for other persons/entities. During the interview, Beckwood admitted that the illegally obtained funds were deposited into an account at Navy Federal Credit Union ("NFCU") registered to Holisitic. Both Beckwood and Faulkner were authorized users of the Holistic NFCU account.

9. Navy Federal Credit Union Cashier's Check, Serial No. 0454138747 in the amount of $700,147.74 represents funds from the NFCU account and it was voluntarily relinquished to the United States on April 25, 2022. Navy Federal Credit Union Cashier's Check, Serial No. 5507858867 in the amount of $20,000.00 represents cash that was illegally obtained from the scheme and it was voluntarily relinquished to the United States on or about May 23, 2022.

10. Based on the foregoing, Plaintiff alleges that the defendant property identified herein is subject to forfeiture pursuant to 18 U.S.C. § 981.

11. That pursuant to the provisions of 18 U.S.C. § 981(f), all right, title and interest in the defendant property vested in the United States of America upon commission of the act giving rise to forfeiture.

WHEREFORE, Premises considered, Plaintiff prays as follows:

(1) That a Warrant of Arrest in rem issue to allow the United States to seize and/or retain possession of the defendant property;

(2) That notice issue according to the normal procedure of this Court and in accordance with 18 U.S.C § 983(a)(4)(A);

(3) That judgment of forfeiture be decreed against the defendant property;

(4)  That upon judgment of forfeiture, the United States be permitted to disposed of the defendant property in accordance with law;

(5)  For costs and for such other further relief to which Plaintiff may be justly entitled

        Respectfully submitted,

        CLAY JOYNER
        United States Attorney

By:   /s/  SAMUEL D. WRIGHT
        SAMUEL D. WRIGHT
        Assistant United States Attorney
        Mississippi Bar No. 101425
        900 Jefferson Avenue
        Oxford, Mississippi 38655-3608
        Telephone: (662) 234-3351
        Samuel.Wright@usdoj.gov

## **VERIFICATION**

I, Samuel D. Wright, hereby verify and declare under penalty of perjury that I am an Assistant United States Attorney, and that I have read the foregoing *Verified Complaint For Forfeiture In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by law enforcement officers during their investigation of this case, and information that I have learned firsthand during my involvement in the investigation of this case.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: May 23, 2023

                                              /s/ SAMUEL D. WRIGHT
                                              SAMUEL D. WRIGHT
                                              Assistant U.S. Attorney